IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01894-OES

LINDA C. GORDON,

    Plaintiff,

v.

LEE SCOTT (CEO), Wal-Mart, Inc.,
J. GRAYSON ROBINSON, Sheriff of Aurora, Colorado,
RICKY BENNETT, Aurora Police Chief,
TERRY JONES, Interim Police Chief, Aurora, Colorado,
JENNIFER FOX, Aurora Police Officer,
ANDREW CROWLEY, Aurora Police Officer,
CRAIG MILAN, Wal-Mart Inc.,
DOTSY OSBORNE, Wal-Mart Inc.,
THERES, RAY, and
RAYMOND, RAY,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV - 7 2005

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Linda C. Gordon has submitted to the Court *pro se* an amended complaint. Ms. Gordon apparently contends that on November 19, 2004, she was accused of stealing at a Walmart in Arapahoe County, Colorado, and arrested. Ms. Gordon has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2005).

The Court must construe the amended complaint liberally because Ms. Gordon is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Ms.

Gordon will be ordered to file a second amended complaint.

The Court has reviewed the amended complaint and finds that it is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. A complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Gordon has failed to make clear the grounds upon which the Court's jurisdiction depends. *See* Fed. R. Civ. P. 8(a)(1). Ms. Gordon also fails to set forth a short and plain statement of her claims showing that she is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Rather than summarizing her claims clearly and succinctly, Ms.

Gordon makes vague and often unreadable allegations concerning being accused of stealing. In addition, it is not clear to the Court why Ms. Gordon is suing any of the defendants.

Ms. Gordon apparently expects the Court to sift through her allegations and attached declaration to determine her claims. That is not the Court's job. It is Ms. Gordon's responsibility to edit and organize her claims and supporting allegations into a manageable format. Neither the Defendants nor the Court is required to do this work for her.

Ms. Gordon's amended complaint is deficient and subject to dismissal. Although the amended complaint must be construed liberally, the Court should not assume the role of advocate for the *pro se* litigant. See *Hall*, 935 F.2d at 1110. A complaint must specify, simply and concisely, the specific claims for relief the plaintiff is asserting.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. See *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Ms. Gordon should be given an opportunity to file a second amended complaint that clarifies the claims for relief she is asserting. The second amended complaint must stand on its own and not refer to or incorporate by reference either the original complaint or the amended complaint. Each claim must be supported with specific factual allegations that demonstrate how the particular defendant or defendants violated Ms. Gordon's rights. She will be directed to submit a second amended

complaint below. Accordingly, it is

ORDERED that Ms. Gordon file **within thirty (30) days from the date of this order**, an original and a copy of a second amended complaint that clarifies the claims for relief he is asserting. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Complaint" and shall be filed with the clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Gordon, together with a copy of this order, two copies of the following form to be used to submit the second amended complaint: Complaint. It is

FURTHER ORDERED that Ms. Gordon submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Ms. Gordon fails to file, **within thirty (30) days from the date of this order**, an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 7 day of November, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01894-OES

Linda C. Gordon
14794 E. 2nd Ave., #202F
Aurora, CO 80011

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 11/7/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk